**TROUTMAN SANDERS LLP**
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
*Attorneys for Defendant Portfolio Recovery Associates, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES STEWART, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>-v-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case Nos.: 1:17-cv-04512-LDH-JO; 1:17-cv-05066-LDH-JO, 1:17-cv-05120-LDH-JO, 1:17-cv-05617-LDH-JO. |

## LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS

Defendant Portfolio Recovery Associates, LLC ("PRA"), by counsel, pursuant to Local Rule 56.1 respectfully submits its Statement of Material Facts in support of its Letter Request for a Pre-Motion Conference for the Purpose of Filing a Motion for Summary Judgment, and states as follows:

1. This consolidated action arose out of four letters (the "Letters") PRA mailed to Plaintiff James Stewart ("Stewart"). (*See* Compl., No. 1:17-cv-04512, Ex. A; Compl., No. 1:17-cv-05066, Ex. A; Compl., No. 1:17-cv-05120, Ex. A; and Compl., 1:17-cv-05617, Exs. A and C.)

1

### Facts Pertaining to Stewart's PRA Accounts

   a.  Account -2964

    2.     PRA purchased all rights and interests in a defaulted credit card account belonging to Stewart for an account ending in -2964 from Capital One Bank (USA), N.A. on February 22, 2016. (*See* Declaration of Meryl Dreano, ¶ 1,[1] Ex. A, November 7, 2019 ("Dreano Decl.").)

    3.     The outstanding balance on the -2964 account at the time PRA purchased it was $2,814.72. (*Id.* at ¶ 2, Ex. B)

    4.     On or about March 9, 2016, PRA mailed Stewart a letter that reflected the total due on the -2964 account at charge-off, $2,814.72, the amount of interest and/or fees applied to the account, $0.00, and the "Total Now Due," $2,814.72. (*See id.* at ¶ 3, Ex. C.)

    5.     The -2964 account was not accruing any interest, fees or other charges as evidenced by the identical amounts listed for the total due at charge-off and the "Total Now Due." (*See id.* at ¶ 4, Ex. C.)

    6.     As further evidence that the -2964 account was not accruing any interest, fees or other charges, a prior letter sent to Stewart on or about February 18, 2016, listed the same outstanding balance of $2,814.72 for the -2964 account. (*See id.* at ¶ 5, Ex. B.)

    7.     PRA did not apply any interest, fees or other charges to the -2964 account at any time. (*See id.* at ¶ 6.)

    8.     Payment of the $2,814.72 would have satisfied the outstanding balance of the -2964 account in full. (*See id.* at ¶ 7.)

---

[1]    The paragraph numbers referenced throughout the remainder of this document refer to the paragraphs that are labeled as 1-30 beginning at Section (a) ("Account -2964") of the Declaration of Meryl Dreano.

9. PRA has purged Stewarts -2964 account and ceased collection attempts. The outstanding balance remained $2,814.72 at the time PRA purged the -2964 account. (*See id.* at ¶ 8.)

   b. **Account -9592**

10. PRA purchased all rights and interests in a defaulted credit card account belonging to Stewart for an account ending in -9592 from Capital One Bank (USA), N.A. on March 25, 2016. (*See* Dreano Decl. at ¶ 9, Ex. D.)

11. The outstanding balance on the -9592 account at the time PRA purchased it was $910.87. (*Id.* at ¶ 10, Ex. F)

12. On or about April 7, 2016, PRA mailed Stewart a letter that reflected the total due on the -9592 account at charge-off, $910.87, the amount of interest and/or fees applied to the account, $0.00, and the "Total Now Due," $910.87. (*See id.* at ¶ 11, Ex. F.)

13. The -9592 account was not accruing any interest, fees or other charges as evidenced by the identical amounts listed for the total due at charge-off and the "Total Now Due." (*See id.* at ¶ 12, Ex. F.)

14. As further evidence that the -9592 account was not accruing any interest, fees or other charges, a prior letter sent to Stewart on or about March 23, 2016, listed the same outstanding balance of $910.87 for the -9592 account. (*See id.* at ¶ 13, Ex. E.)

15. PRA did not apply any interest, fees or other charges to the -9592 account at any time. (*See id.* at ¶ 14.)

16. Payment of the $910.87 would have satisfied the outstanding balance of the -9592 account in full. (*See id.* at ¶ 15.)

17. PRA has purged Stewart's -9592 account and ceased collection attempts. The outstanding balance remained $910.87 at the time PRA purged the -9592 account. (*See id.* at ¶ 16.)

    c. **Account -9905**

18. PRA purchased all rights and interests in a defaulted credit card account belonging to Stewart for an account ending in -9905 from Capital One Bank (USA), N.A. on March 25, 2016. (*See* Dreano Decl. at ¶ 17, Ex. G.)

19. The outstanding balance on the -9905 account at the time PRA purchased it was $1,060.54. (*Id.* at ¶ 18, Ex. H.)

20. On or about April 14, 2016, PRA mailed Stewart a letter that reflected the total due on the -9905 account at charge-off, $1,060.54, the amount of interest and/or fees applied to the account, $0.00, and the "Total Now Due," $1,060.54. (*See id.* at ¶ 19, Ex. I.)

21. The -9905 account was not accruing any interest, fees or other charges as evidenced by the identical amounts listed for the total due at charge-off and the "Total Now Due." (*See id.* at ¶ 20, Ex. I.)

22. As further evidence that the -9905 account was not accruing any interest, fees or other charges, a prior letter sent to Stewart on or about March 23, 2016, listed the same outstanding balance of $1,060.54 for the -9905 account. (*See id.* at ¶ 21, Ex. H.)

23. On or about May 10, 2016, PRA received a letter from Stewart dated April 29, 2016. (*See id.* at ¶ 22, Ex. J.)

24. On or about May 12, 2016, PRA mailed Stewart a letter that reflected the "Balance" of the -9905 account as $1,060.54. (*See id.* at ¶ 23, Ex. K.)

25. The May 12, 2016 letter provides the name of the entity that sold the -9905 account to PRA, the original creditor, and the outstanding balance as well as a disclosure that "**[t]his is a**

4

**communication from a debt collector but is not an attempt to collect a debt.**" (*See id.* at ¶ 24, Ex. K.)

26. The May 12, 2016 letter does not request payment from Stewart. (*See id.* at ¶ 25, Ex. K.)

27. PRA made no attempts to collect the outstanding balance on Stewarts -9905 account after receipt of Stewart's April 29, 2016 letter. (*See id.* at ¶ 26.)

28. After it sent the May 12, 2016 letter to Stewart, PRA resolved the dispute in Stewart's favor and purged Stewart's -9905 account on June 7, 2016, at which time all collection activity on the -9905 account ceased. (*See id.* at ¶ 27.)

29. PRA did not apply any interest, fees or other charges to the -9905 account at any time. (*See id.* at ¶ 28.)

30. Payment of the $1,060.54 would have satisfied the outstanding balance of the -9905 account in full. (*See id.* at ¶ 29.)

31. The outstanding balance remained $1,060.54 at the time PRA purged the -9905 account. (*See id.* at ¶ 30.)

Dated: November 7, 2019  
New York, New York

Respectfully submitted,

By: */s/ Stephen J. Steinlight*  
Stephen J. Steinlight  
TROUTMAN SANDERS LLP  
875 Third Avenue  
New York, New York 10022  
Telephone: (212) 704-6000  
Facsimile: (212) 704-6288  
Email: stephen.steinlight@troutm.com  
*Attorney for Defendant*

40551062